**RESNICK & LOUIS, P.C.**
Sue Trazig Cavaco
Nevada Bar No. 6150
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
Phone: (702) 997-3800
Fax: (702) 997-3800
scavaco@rlattorneys.com
Attorneys for Plaintiff,
*RADIAN TITLE INSURANCE INC.,*
*formerly known as ENTITLE INSURANCE COMPANY*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RADIAN TITLE INSURANCE INC., formerly known as ENTITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>Defendant. | CASE NO.:<br><br>**RADIAN TITLE INSURANCE INC.'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff, RADIAN TITLE INSURANCE INC., formerly known as ENTITLE INSURANCE COMPANY, ("Radian"), by and through its attorneys of record, Sue Trazig Cavaco, Esq. of the law firm of Resnick & Louis, P.C., and hereby submits its Verified Complaint and alleges as follows:

### PARTIES

1. At all relevant times herein, Radian is a corporation existing under the laws of the State of Ohio, with its principal place of business in Ohio. Radian is, and at all times relevant hereto was, an underwriter of insurance policies eligible to do business as an insurer in the State of Nevada.

2. Defendant FREEDOM MORTGAGE CORPORATION ("Defendant") is a corporation existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Defendant is, and at all times relevant was, a mortgage lending company eligible to do business in the State of Nevada.

3. This action for declaratory relief is brought pursuant to Nevada Revised Statutes § 30, et seq. and Nevada common law regarding a policy of title insurance ("Subject Policy") covering certain real property commonly known as 5521 Hidden Rainbow St., N. Las Vegas, Nevada 89031 bearing Clark County, Nevada APN 124-34-512-039 ("Property").

## JURISDICTION

4. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue lies with this judicial district pursuant to 28 U.S.C. §§ 1391(a)(2) because a substantial part of the events or omissions which are the subject of the claims asserted herein took place in this judicial district and the real property that is the subject of the issued title insurance policy lies within this district.

## GENERAL ALLEGATIONS

**Title Insurance for The Property Issues**

6. Based upon information and belief, Gerardo Gomez ("Borrower") purchased the Property for $200,000.00 on or about September 30, 2008 as evidenced by the Trust Deed recorded with the Clark County Recorder as Instr. No. 200809300005911.

7. The Property is situated within the Trovare Homeowners Association ("HOA").

8. On or about March 5, 2009, Radian, through Direct Title Insurance Agency ("Direct") as its agent solely in connection with the issuance of title insurance policies, issued a Closing Protection Letter in conjunction with Borrower's refinancing of the Property. A true and correct copy is attached hereto as **Exhibit 1**.

9. On or about April 15, 2009, Borrower obtained a refinance loan from Defendant in the face amount of $200,355.00 secured by a Promissory Note and a deed of trust ("DOT") in favor of Defendant.

10. The DOT was recorded with the Clark County Recorder's office on May 5, 2009 as Instr. No. 200905050003295.

11. The Subject Policy issued that same date. A true and correct copy of Policy Number NV-LP 1280 is attached hereto as **Exhibit 2** and is incorporated herein by this reference.

12. The Subject Policy at paragraph 3 of the Exclusions from Coverage specifically states as follows:

> *The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorney's fees, or expenses that arise by reason of:*
>
> *3. Defects, liens, encumbrances, adverse claims or other matters:*
> *(a) created, suffered, assumed or agreed to by the Insured Claimant.*
> *…*
> *(c) resulting in no loss or damage to the insured claimant;*
> *(d) attaching or created subsequent to Date of Policy (except to the extent that this policy insures the priority of the lien of the insured mortgage over any statutory lien for services, labor or material);*
> *…*

13. The Subject Policy at paragraph 3 of the Conditions states as follows:

**CONDITIONS AND STIPULATIONS**

***3. NOTICE OF CLAIM TO BE GIVEN BY INSURED CLAIMANT.***

> *The insured shall notify the Company promptly in writing (i) in case of any litigation as set forth in Section 4(a) below, (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damage for which the Company may be liable by virtue of this policy, or (iii) if title to the estate or interest or the lien of the insured mortgage, as insured, is rejected as unmarketable. If prompt notice shall not be given to the Company, then as to the insured all liability of the Company shall terminate with regard to the matter or matters for which prompt notice is required; provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice.*

3

…

14. The Subject Policy also contains the following Endorsement that states, in pertinent part, as follows:

> *This endorsement is made a part of the policy and is subject to all of the terms and provisions thereof and if any prior endorsements thereto. Except to the extent expressly stated, it neither modifies any of the terms and provisions of the policy and any prior endorsements, nor does it extend the effective date of the policy and any other prior endorsements, nor does it increase the face amount thereof.*

**The HOA Foreclosure.**

15. After Direct ran its customary chain of title search regarding the Property in accordance with industry standards and after the closing of the transaction, on or about April 27, 2009, the HOA recorded a Notice of Delinquent Assessment Lien as Instr. No. 200905050003295 with the Clark County Recorder's office.

16. On or about June 17, 2009 the HOA recorded a Default and Election to Sell the Property. The underlying claimed amount due was $988.00. The total lien, including penalties was $2,076.00 as evidence by Instr. No. 200906170001579 as recorded with the Clark County Recorder.

17. On or about November 4, 2010 the HOA recorded its Notice of Intent to Sell with the Clark County Recorder as Instr. No. 201011040003362.

18. That same date the HOA recorded a Notice of Foreclosure Sale with the Clark County Recorder as Instr. No. 201011040003362.

19. Defendant received true and correct copies of the Notice of Sale via certified mail on November 2, 2010 and 8, 2010. True and correct copies of the executed proof of receipt are attached as **Exhibit 3**.

20. On or about March 25, 2011 the HOA sold the Property to HR Trust ("HR") at the foreclosure sale for $6,348.67 as evidenced by the Foreclosure Deed of Trust filed with the Clark County Recorder as Instr. No. 201103250000390.

///

///

4

**Defendant's Foreclosure Litigation**

21. On July 12, 2011, four months AFTER the HOA foreclosure sale, the Cooper Castle firm ("CC") filed a Notice of Breach and Default and Election to Sell the Property under Defendant's DOT as evidence by Instr. No. 201107120000587 recorded with the Clark County Recorder's office.

22. On August 31, 2011 Defendant commenced an action in this Court (Case No. 2:11-cv-01403-MMD-GWF) against HR seeking to quiet title to the Property in its favor ("Foreclosure Litigation").

23. In May 2012 both HR and Defendant filed competing motions for summary judgment, each claiming paramount title to the Property.

24. On November 28, 2012 the trial Court denied both motions.

25. After a bench trial on the merits, Defendant prevailed in that the Court found that HR took title to the Property subject to Defendant's DOT.

26. Judgment in favor of Defendant was filed on February 21, 2014. HR appealed.

27. The Ninth Circuit, however, disagreed with the Foreclosure Litigation Court's decision and remanded the matter by way of a Circuit Memorandum issued on September 1, 2015.

28. On or about March 8, 2019, the Foreclosure Litigation Court issued an Order granting judgment for HR on its counterclaims and quieting title to the property in its favor.

**Defendant's Untimely Claim Under the Subject Policy for Uncovered Events**

29. Four months AFTER the HOA foreclosure, on July 21, 2011 Defendant made a claim under the Subject Policy. A true and correct copy of that correspondence is attached hereto as **Exhibit 4**.

30. On September 1, 2011, Radian promptly responded to Defendant's claim. Despite its contentions that the claim was untimely made and for uncovered events, it prudently retained counsel for Defendant under a reservation of rights ("ROR I"). A true and correct copy of that correspondence is attached hereto as **Exhibit 5**.

31. On April 26, 2013, Radian sent a follow-up reservation of rights letter to CC ("ROR II"). Radian was still paying for Defendant's defense in the Foreclosure Litigation at that time.

32. Years later, on September 30, 2015, after Defendant lost the appeal and the Foreclosure Litigation was remanded to the trial Court for continued litigation, Defendant responded again to Radian's reservation of rights letters. A true and correct copy of this correspondence is attached hereto as **Exhibit 6**.

33. Radian answered this letter by way of correspondence dated October 7, 2015. That letter contained a renewed recitation of Radian's reservation of rights ("ROR III"). A true and correct copy of this correspondence is attached hereto as **Exhibit 7**.

34. On March 13, 2019 Radian sent a letter to Defendant giving it notice that Radian was exercising its right to deny coverage and disengage counsel it retained, finding no coverage under the policy and that, even if coverage had existed, the claim was untimely made, causing damage to Radian. A true and correct copy of this correspondence is attached hereto as **Exhibit 8**.

35. On March 26, 2019 Defendant's counsel sent correspondence to Radian disputing Radian's coverage position. A true and correct copy of that correspondence is attached as **Exhibit 9**. Defendant's position is based, in part, upon a misunderstanding as to the industry-wide standard as to when underwriting reviews the chain of title prior to issuing a title policy of insurance as well as the policy language excluding liens that attach AFTER the policy issues, such as the HOA lien at issue herein that was created by Nevada statute and thus was perfected at the time that the HOA fees for the property became delinquent for nine months.[1]

36. Radian thus brings this declaratory relief action seeking this Court's determination that Radian's denial of Defendant's claim is justified and proper.

---

[1] The funds loaned by Defendant, and secured by the first DOT against the Property, were used to pay off the purchase money loan, also from Defendant secured by a first Deed of Trust recorded on September 30, 2008 with the Clark County Recorder as Instrument No. 200809300005911 ("Original DOT"). Under the doctrine of equitable subrogation, Defendant's DOT takes the position of the Original DOT and thus has priority over the HOA's lien.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief (No Duty to Defend or Indemnify)

37. Radian incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

38. Radian contends that an actual controversy regarding the parties' rights and obligations under the Subject Policy exists.

39. Radian thus seeks a declaration from this Court confirming that, pursuant to the terms, conditions, exclusions and endorsements of the Subject Policy, that Radian did not have a duty to defend Defendant in the Foreclosure Litigation or to indemnify Defendant for any alleged losses related thereto. Specifically, Radian lost its ability to pay the minimal amount of the HOA super-priority lien and to prevent the HOA foreclosure sale in lieu of funding extended litigation. Importantly, Defendant filed the Foreclosure Litigation four months after the HOA foreclosure sale. Had Defendant provided Radian notice of the HOA lien prior to the HOA foreclosure sale, Defendant would have had the ability to foreclose upon its priority DOT before the super-priority portion of the HOA's lien pre-empted Defendant's DOT's priority under Nevada statute. See, ROR I – III.

40. Radian has been required to retain the law firm of Resnick & Louis, P.C. to prosecute this action and is, therefore, entitled to all reasonable attorney's fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief (No Coverage for Alleged Losses)

41. Radian incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

42. Radian contends that an actual controversy regarding the parties' rights and obligations under the Subject Policy exists.

43. Radian thus seeks a declaration from this Court confirming that, pursuant to the terms, conditions, exclusions and endorsements of the Subject Policy, that Radian does not have a duty to pay Defendant for any losses it claims under the Subject Policy related to

the Foreclosure Litigation or its DOT's loss of priority regarding the Property. Specifically, Radian lost its ability to pay the minimal amount of the HOA super-priority lien and to prevent the HOA foreclosure sale in lieu of funding extended litigation. Importantly, Defendant filed the Foreclosure Litigation four months after the HOA foreclosure sale. Had Defendant provided Radian notice of the HOA lien prior to the HOA foreclosure sale, Defendant would have had the ability to foreclose upon its priority DOT before the super-priority portion of the HOA's lien pre-empted Defendant's DOT's priority under Nevada statute. See, ROR I – III.

44. Radian has been required to retain the law firm of Resnick & Louis, P.C. to prosecute this action and is, therefore, entitled to all reasonable attorney's fees and costs of suit.

## PRAYER FOR RELIEF

**WHEREFORE**, Radian prays for judgment against the Defendant as follows:

1. For a declaration and determination that Radian does not owe a duty to defend or indemnify Defendant related to the Foreclosure Litigation because there is no coverage under the policy and the Defendant's claim was untimely, causing prejudice to Radian;

2. For a declaration and determination that Radian does not have a duty to pay Defendant for any losses it claims under the Subject Policy related to the Foreclosure Litigation or its DOT's loss of priority regarding the Property because there is no coverage under the policy and the Defendant's claim was untimely, causing prejudice to Radian as detailed herein;

3. For an award of reasonably incurred costs of suit and attorney fees, as are allowable under applicable law; and

///

///

///

4. For all other relief the Court deems just and proper.

**DATED** this 25th day of June, 2019.

**RESNICK & LOUIS, P.C.**

By: _/s/ Sue Trazig Cavaco, Esq._
      _____
Sue Trazig Cavaco
Nevada Bar No. 6150
8925 W. Russell Road, Suite 220
Las Vegas, NV 89148
Attorneys for Plaintiff,
*RADIAN TITLE INSURANCE, formerly known as ENTITLE INSURANCE COMPANY*

## VERIFICATION

STATE OF  Ohio          )
                        )
COUNTY OF  CUYAHOGA  )

I, Lee Baskey, do here by verify that I am the Person Most Knowledgeable for Radian Title Insurance, Inc., that I have read the foregoing Verified Complaint For Declaratory Relief, and the statements contained therein are to the best of my knowledge, information, and belief, true and correct.

                                                            _____
                                                            Lee Baskey
                                                            Radian Title Insurance, Inc.

SUBSCRIBED and SWORN to before me this  25  day of June, 2019.

_____   DAVID J. KILLMER
NOTARY PUBLIC in and for said County OF MEDINA.
COMM EXPIRES:  MAY 7, 2021

10